## PROSECUTION FOR FAILURE TO MAINTAIN AN ILLEGITIMATE CHILD.

Court of Appeals for Hamilton County.

STATE OF OHIO v. JOHN BONE.*

Decided, February 7, 1916.

*Evidence—Action to Compel Putative Father to Support Child—Competency of Testimony of Mother of the Child, a Married Woman—Sections 12970 and 13008.*

1. The wife is a competent witness to testify to the non-access of her recreant husband, in a criminal case against the putative father of her illegitimate child, for failure to provide said child under sixteen years of age, with necessary and proper food, clothing and shelter, under the provisions of Section 12970 of the General Code.
2. The father could have been prosecuted under either Section 12970 or Section 13008 of the General Code, but prosecution under the latter section could not be had in the Municipal Court.

---

*Motion for an order directing the Court of Appeals to certify its record in this case, overruled by the Supreme Court, April 25, 1916.

*John V. Campbell,* Prosecuting Attorney, *Walter M. Locke,* Assistant Prosecuting Attorney, *Ellis B. Gregg,* representing the Ohio Humane Society, for the state.

*John W. Cowell,* contra.

The husband of the prosecuting witness, Mrs. Barber, at the time of the filing of the affidavit in this case had abandoned her and had been missing for nearly three years. Bone, the defendant, had occupied the relation of husband to Mrs. Barber for about two years, during which time she became pregnant and

was abandoned by him. After the birth of the child he refused to provide for it, and this proceeding was commenced in the municipal court of Cincinnati, to compel him to do so. At the trial of the case the wife and mother of the child was offered as a witness to prove the non-access of her husband, and against the objection of defendant's counsel was permitted to testify to that fact. It was contended by counsel for defendant that this was error and that the defendant could not be prosecuted under the provisions of Section 12970 of the General Code, but that the prosecution should have been brought under the provisions of Section 13008, which in express terms provides for the prosecution of the father of illegitimate, as well as legitimate children, while Section 12970 does not make such provision. The defendant was convicted; error was prosecuted to the judgment of the municipal court to the court of common pleas, which reversed the municipal court; to the judgment of reversal error was prosecuted to this court.

JONES (E. H.), P. J.

Defendant was convicted in the municipal court of failure to provide for his seven months' old child. The court of common pleas, whose action is under review, reversed the judgment. We think it erred in so doing.

There was testimony of several witnesses showing non-access of the recreant husband of Mrs. Barber, the mother of the child. The testimony, together with letters and statements of the accused admitting that he is the father of the child, were sufficient to justify conviction. Every word of the evidence seems admissible and was given by competent witnesses. There can be no question but that the father could have been prosecuted under either Section 12970 or Section 13008 of the General Code, although prosecution under the latter section could not be had in the municipal court.

So finding, it follows that the judgment of the common pleas court will be reversed, and that of the municipal court affirmed.

JONES (Oliver B.), J., and GORMAN, J., concur.